```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**               *      **CRIMINAL ACTION**

**VERSUS**                                  *      **NO. 03-302**

**LEOPOLDO JOSE CRUZ-GARCIA**               *      **SECTION "B"**


## ORDER AND REASONS

The Petitioner, Leopoldo Jose Cruz-Garcia (hereinafter "Cruz-Garcia"), has filed for habeas relief pursuant to 28 U.S.C. § 2255. For the following reasons, **IT IS ORDERED** that Cruz-Garcia's motion for relief (Rec. Doc. No. 12) is **DISMISSED**[1].

## BACKGROUND

Cruz-Garcia raises the following claims in support of his motion for relief: (1) unknowing and involuntary plea of guilty; (2) unconstitutional search and seizure; (3) unlawful arrest; and (4) violation of the protection against double jeopardy. (Rec. Doc. No. 12).

Cruz-Garcia, a citizen and national of Mexico, was removed from the United States on August 14, 2001, subsequent to a conviction for sexual battery. (Rec. Doc. No. 8 at 1). On May 22, 1995, the Criminal Circuit Court, Lake County Florida, entered a judgment of the felony conviction of Cruz-Garcia, who was in violation of Florida Penal Code Section 794.011-Sexual Battery.

---

[1] We are grateful for the work on this case by Kassi Richey Burns, a Tulane Law School extern with our chambers.

(Rec. Doc. No. 8 at 2).  The petitioner was found in the United States, in New Orleans, Louisiana, on August 21, 2003.  (Rec. Doc. No. 8 at 2).  Cruz-Garcia was in possession of a Commonwealth of Puerto Rico Certificate of Birth, in the name of Ernesto Ivan Gonzalez Cuascut, and Social Security card, account number XXX-XX-0681, in the name of Ernesto Ivan Gonzalez.  (Rec. Doc. No. 8 at 2).  The Commonwealth of Puerto Rico Department of Health has records indicating the certificate of birth was validly issued to Ernesto Ivan Gonzalez Cuascut.  (Rec. Doc. No. 8 at 3). The Social Security Administration has records indicating the Social Security account number XXX-XX-0681 was properly assigned to Ernesto Ivan Gonzalez.  (Rec. Doc. No. 8 at 3).  By comparing the photo on Ernesto Cuascut's validly issued driver's license from The Commonwealth of Puerto Rico, it can be shown that Cruz-Garcia does not match the likeness of Ernesto Cuascut.  (Rec. Doc. No. 8 at 3). A fingerprint comparison confirmed the identity of Cruz-Garcia. (Rec. Doc. No. 8 at 2).  Cruz-Garcia was not lawfully admitted to the United States and he did not receive consent from the Attorney General, or his successor, to apply for admission to the United States.  (Rec. Doc. No. 8 at 1-2).

On November 19, 2003, Cruz-Garcia entered a plea of guilty as to the three charges brought against him in the Eastern District of Louisiana.  (Rec. Doc. No. 11).  Count 1 of those charges was pursuant to 8 U.S.C. § 1326(a), 8 U.S.C. § 1326(b)(2), Reentry of

Deported Alien Previously Convicted of an Aggravated Felony.  Count 2 was pursuant to 18 U.S.C. § 1028(a)(4), Possession of a False Identification Document.  Count 3 was pursuant to 42 U.S.C. § 408(a)(7)(B), Illegal Use of a Social Security Number.  (Rec. Doc. No. 11).  On February 20, 2004, this Court entered a Judgment and Commitment Order, sentencing Cruz-Garcia for a term of 78 months as to Count 1, 36 months as to Count 2, and 60 months as to Count 3, all to be served concurrently.  (Rec. Doc. No. 11).  The sentence reflects the February 18, 2004 Order which granted the Government's motion (Rec. Doc. No. 10) to decrease Cruz-Garcia's offense level by three levels, pursuant to U.S.S.G. § 3E1.1(b).  (Rec. Doc. No. 10).  The petitioner did not directly appeal the judgment of his conviction.  (Rec. Doc. No. 12).

The government contends that this § 2255 action was untimely filed.  Even if Cruz-Garcia had filed a timely motion, the claim is procedurally barred because it raises an issue for the first time on collateral review. Finally, the government argues that the petitioner has failed to establish the merits of his claims. (Rec. Doc. No. 29).

## **LAW AND ANALYSIS**

A motion filed pursuant to 28 U.S.C. § 2255 has a 1-year period of limitation, which, for the petitioner, runs from the date

on which the judgment of conviction became final[2]. "The Supreme Court has not determined when an *unappealed* federal criminal judgment[3] becomes final for purposes of § 2255." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (emphasis added). However, three circuit courts of appeal have issued rulings on this issue, finding that a final conviction occurs at the expiration for filing a direct appeal. *See* Moshier v. United States, 402 F.3d at 118 (holding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final after it is entered, for the purposes of the § 2255 statute of limitations."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and

---

[2] 28 U.S.C. § 2255 states:
"A 1-year period of limitation shall apply to a motion under this section.  The limitation shall run from the latest of–
    (1) the date on which judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by the governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[3] In 2003, the U.S. Supreme Court addressed the issue of finality in a different context by determining finality for federal criminal defendants who have taken "an unsuccessful direct appeal from a judgment of conviction, but [do] not petition for a writ of certiorari from this Court. . . ." Clay v. United States, 537 U.S. 522, 524 (2003).  The Court held that for those above-described defendants, the "§ 2255 one-year limitation period starts to run when the time for seeking such review expires." Clay, 537 U.S. at 532.

sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

The Fifth Circuit Court of Appeals has not addressed the issue of final conviction for an unappealed federal criminal defendant directly. However, the Fifth Circuit has issued a ruling "limited to the narrow issue of when a federal criminal conviction becomes final for purposes of 28 U.S.C. § 2255(1) when the movant has requested and has been denied a writ of certiorari from the Supreme Court." United States v. Thomas, 203 F.3d 350, 352 (5th Cir. 2000). The Court held that the conviction becomes final "on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review." Id. at 356. *See also* United States v. Gamble, 208 F.3d 536 (5th Cir. 2000) (holding that "the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where . . . the appellant has not actually filed such a petition").

Even though neither Thomas nor Gamble are directly on point, the court in United States v. Garcia-Mancha interpreted those holdings to find that "the conviction . . . became final . . . when the ten (10) days allowed for seeking direct review by filing a notice of appeal expired." __ F.Supp.2d __, 2001 WL 282769, at *2 (N.D.Tex. March 15, 2001). Similar to Cruz-Garcia, Garcia-Mancha

was a federal criminal defendant who did not directly appeal his conviction.  Garcia-Mancha, 2001 WL 282769, at *1.  A court in the Western District of Louisiana dismissed an untimely § 2255 motion, which was filed over two years after the final conviction.  United States v. Johnson, __ F.Supp.2d __, 2005 WL 1630035 (W.D.La. July 6, 2005).  The court held that "[f]or purposes of filing a § 2255 motion, 'a conviction becomes final when a defendant's options for further direct review are foreclosed.'"  (United States v. Johnson, 2005 WL 1630035, at *2 (quoting United States v. Thomas, 203 F.3d, 350, 352 (5th Cir. 2005)).  Additionally, a court in the Eastern District of Louisiana dismissed a petitioner's motion for § 2255 relief because the petition was untimely - "over twenty-two months after the one-year statute of limitations."  United States v. Salazar, __ F.Supp.2d __, 2005 WL 418596, at *2 (E.D.La. Feb. 16, 2005).

Federal Rule of Appellate Procedure 4(b)(1) describes when the ability to file a timely direct appeal expires: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment."  Cruz-Garcia's final judgment was entered on February 20, 2004 (Rec. Doc. No. 11).  By applying the 10-day provision in Rule 4(b)(1), excluding Saturdays, Sundays and legal holidays[4], the

---

[4] Fed. R. App. P. 26(a)(1) states: "Exclude intermediate Saturdays, Sundays and legal holidays when the period is less than 11 days, unless stated in calendar days."

petitioner's opportunity to timely appeal expired on March 8, 2005, making it the day his conviction became final pursuant to § 2255. Cruz-Garcia's motion is untimely because he filed his notice of appeal on March 25, 2005[5]. (Rec. Doc. No. 12). Further, the petitioner did not file a Fed. R. App. P. 4(b)(4) motion for an extension of time (up to 30 days), which may be granted "upon a finding of excusable neglect or good cause." There is nothing in this record to support a finding of equitable tolling or manifest injustice.

Because Cruz-Garcia did not timely file his motion, nor did he file a motion to extend his time to file, the petition for relief should be dismissed.

## **CONCLUSION**

Based on foregoing, this Court holds that Cruz-Garcia's motion was untimely filed. Accordingly, Cruz-Garcia's Motion to vacate set aside or correct sentence by a person in federal custody is **DISMISSED**.

New Orleans, Louisiana, this 23rd day of August, 2005.

UNITED STATES DISTRICT JUDGE

---

[5] His motion was signed and dated March 16, 2005.